O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court No. BC 466890

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RAMOS, | Case No. CV 11-07861 DDP (MANx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| RELIANCE STEEL & ALUMINUM CO. AND DOES 1 THROUGH 100, | |
| Defendants. | [Motion filed on 10/4/11] |

Presently before the Court is Plaintiff Francisco Ramos's Motion to Remand Action to Los Angeles County Superior Court. Defendant Reliance Steel & Aluminum Co. opposes the motion. Oral argument was held on November 14, 2011. Having read the parties' pleadings and considered the arguments therein, the Court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

**I.  Background**

Plaintiff alleges that he was employed as a machine operator by Defendant for over thirteen years. (Compl. ¶ 5.) Prior to September 5, 2008, Plaintiff developed arthritis in his left knee. (Id. ¶ 6.) Defendant thereafter granted Plaintiff medical leave in

order to recuperate. (Id. ¶ 8.) Plaintiff returned to work in April 2009 for approximately three weeks, but he subsequently went back on leave. (Id. ¶ 9.) Plaintiff alleges that Defendant then refused to authorize knee replacement surgery for Plaintiff. (Id. ¶ 10.) On April 20, 2010, however, after Plaintiff filed a workers' compensation claim, the Workers' Compensation Board ordered the surgery for Plaintiff. (Id.) Then on April 27, 2010, Defendant terminated Plaintiff, allegedly because Plaintiff had exhausted all his available leave. (Id. ¶ 11.)

On August 5, 2011, Plaintiff filed this action against Defendant and Does 1 through 100 in the Los Angeles Superior Court alleging three state law claims, including: (1) disability harassment, retaliation, and discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.; (2) violation of the California Family Rights Act, Cal. Govt. Code § 12945.2, which is part of FEHA; and (3) retaliation and wrongful termination in violation of California public policy.[1] On September 22, 2011, Defendant removed the action to this Court.

**II. Legal Standard**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant bears the burden of proving federal jurisdiction. Duncan v.

---

[1] Plaintiff's public policy claim is premised on Cal. Labor Code § 132(a) (prohibiting discrimination against employees after they have made workers' compensation claims), as well as Cal. Gov't Code § 12940 et seq. and Cal. Gov't Code § 12945.2.

2

Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve doubts as to removability in favor of remand).

Section 301 of the Labor Management Relations Act ("LMRA") preempts state law claims "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement ("CBA").'"[2] Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) (quoting Electrical Workers v. Hechler, 481 U.S. 851, 859 n. 3 (1987)). Once "an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir. 1991). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001).

---

[2] Section 301 of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court in the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

3

**III. Discussion**

    A.    Motion to Remand

Plaintiff argues that this Court lacks subject matter jurisdiction and it should therefore remand the case to state court, because Plaintiff's complaint solely contains claims under California law which are not preempted by Section 301 of the LMRA. (Mot. at 6-13.) Defendant responds that the case was properly removed because Plaintiff's claims are preempted by Section 301 of the LMRA. (Opp'n at 6.)

Preemption under section 301 requires a two-step analysis. See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by the CBA, preemption applies, but if it is conferred by state law, the inquiry moves to step two. Id.

Here, the rights claimed by Plaintiff are conferred by California law. Plaintiff asserts claims under FEHA and California public policy. Accordingly, the Court must move to step two.

At the second step, the Court must determine whether Plaintiff's claims are "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" Burnside, 491 F.3d at 1059 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987)). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent on the CBA and is preempted by section 301. See id. at 1060. When the parties do not dispute the meaning of

the CBA, however, the fact that it will be "consulted in the course of state law litigation does not require preemption." <u>Ward v. Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 998 (9th Cir. 2007). Moreover, "reliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'" (quoting <u>Caterpillar</u>, 482 U.S. at 398-99 (explaining that "the plaintiff is the master of the complaint," and that if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing")).

In this case, the key to resolving Plaintiff's claims will be determining Defendant's motivation in allegedly failing to accommodate Plaintiff and in terminating Plaintiff's employment, i.e., whether Defendant failed to accommodate or terminated Plaintiff because of his disability or in retaliation for filing a workers' compensation claim. While the Court may need to "look to" the CBA to assist in making these factual determinations, it will not likely require the Court to *interpret* the CBA.[3]  <u>See Ward</u>, 473

---

[3] Defendant correctly notes that the CBA is mentioned once in the complaint:

> Defendants . . . harassed, discriminated against and retaliated against Plaintiff by implementing a scheme and plan to deprive Plaintiff of his legal and rightful medical care and surgery for his knee disability, exhaust his available leave from any source (CRFA and/or CBA agreement and/or any other medical and/or negotiated leave) and then wrongfully terminate Plaintiff because he had exhausted his leave and/or Defendants could no longer accommodate him.

(Compl. ¶ 10.)  The state court may need to "look to" the CBA in order to help determine the amount of Plaintiff's available leave at the time he was terminated in order to properly evaluate Plaintiff's claims and Defendant's defenses.  But Plaintiff does
(continued...)

5

F.3d at 998. Indeed, in his complaint Plaintiff does not appear to dispute the meaning of any terms within the CBA.[4] See id.; Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007); see also Livadas v. Bradshaw, 512 U.S. 107, 123-24 (1994) (When a CBA's meaning "is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be preempted."). Accordingly, Plaintiff's claims are not substantially dependent on the CBA and thus are not preempted by section 301.

Defendant primarily cites one case, Rose v. Beverly Health & Rehab. Servs., 2006 WL 3593472 (E.D. Cal. Dec. 8, 2006), in support of its Opposition. That case is distinguishable from the case at hand, however, because the court there found the case properly removed based on that plaintiff's fourth claim for "Breach of Employment Agreement and Wrongful Termination," as it explicitly required the Court to interpret the specific terms of the relevant employment agreement—in that case, the CBA—to determine whether the employer had breached it. See Rose, 2006 WL 3593472, at *6 ("[T]he fact remains that resolution of Plaintiff's claim for

---

[3](...continued)
not dispute the meaning of any terms in the CBA here in mentioning the agreement in this context in his complaint. See Ward, 473 F.3d at 998.

[4] At oral argument, Defendant asserted that plaintiff lost his seniority and therefore his job pursuant to a provision in the CBA rather than because of any disability discrimination by Defendant. Defendant argued that accordingly, the Court will be required to interpret the applicable provision of the CBA. The Court notes, however, that as previously discussed, "reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim." Ward, 473 F.3d at 998 (internal quotations omitted).

6

breach of employment and wrongful termination will inevitably require interpretation of the CBA."). Here, Plaintiff's complaint contains no such claim for breach of employment agreement.

In fact, "[i]n every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [it] ha[s] held that it is not preempted by section 301." <u>Ramirez v. Fox Television Station, Inc.</u>, 998 F.2d 743, 748 (9th Cir. 1993) (The "right to be free from discrimination . . . does exist independently of private agreements and cannot be altered or waived."); <u>Detabali</u>, 482 F.3d at 1203 ("We see no need to depart from a long line of our cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA."). Moreover, courts have also found removal of wrongful termination claims that are based on a violation of public policy codified in Cal. Labor Code § 132(a) to be barred by 28 U.S.C. § 1445(c). <u>See</u> 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."); <u>Quinones v. Target Stores</u>, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 23, 2005) (holding that § 1445(c) bars removal of a common law retaliatory discharge claim because the public policy against such termination is codified in section 132a of the state's workers' compensation laws); <u>Hamblin v. Coinstar, Inc.</u>, 2007 WL 4181822, *2 (E.D. Cal. Nov. 21, 2007) ("Accordingly, section 132a, which is part of the state's workers' compensation laws, clearly creates the substantive right to be free from retaliatory discharge after making a workers' compensation claim. . . . Plaintiffs' wrongful termination claim is therefore

dependent on and 'arises under' California's workers' compensation laws.").

### B. Request for Attorney's Fees/Sanctions

Upon an order remanding the case, this Court is authorized under 28 U.S.C. § 1447(c) to award attorneys' fees if the removing party lacked an "objectively reasonable" basis for the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Here, while Defendant's removal was improper, it was not objectively unreasonable. See Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) ("[T]he distinction between 'looking to' a CBA and 'interpreting it' is not always clear or amenable to a bright-line test."). Accordingly, the Court declines to award attorney's fees to Plaintiff.

Furthermore, the Court notes that Plaintiff failed to properly meet and confer with Defendant prior to filing his motion, as required by Local Rule 7-3. The Court admonishes Plaintiff for this failure, and expects strict compliance in the future or sanctions will be ordered.

## IV. Conclusion

In accordance with the foregoing, the Court concludes that Plaintiff's claims are not preempted by Section 301. Therefore, the Court GRANTS Plaintiff's motion to REMAND to the Los Angeles Superior Court.

The Court declines to award attorneys' fees to Plaintiff. Each party shall bear its own costs.

In addition, the MOTION TO DISMISS TO STRIKE PORTIONS OF THE PLAINTIFF'S COMPLAINT DEFENDANT RELIANCE STEEL & ALUMINUM CO.'S NOTICE AND MOTION TO DISMISS AND TO STRIKE PORTION OF PLAINTIFF'S

COMPLAINT FILED BY ATTORNEYS FOR DEFENDANT RELIANCE STEEL AND ALUMINUM CO. (DOCKET NUMBER 10) is VACATED.

IT IS SO ORDERED.

Dated: November 16, 2011

*[signature]*
DEAN D. PREGERSON
United States District Judge